The United States Court of Appeals for the Fifth Circuit is now open according to law. God save the United States and this honorable court. Hello counsel. Welcome to the Fifth Circuit. I'm Judge Dennis together with Judge King. Recording in progress. We are your panel. We're hearing this first case today, which is Fred Sandberg v. Burroughs Cain. First up will be Ms. Jennifer Berman. Ms. Berman, you may proceed. Good afternoon, your honors, counsel, and may it please the court. My name is Jennifer Berman and I represent the appellate Fred Spicer v. Burroughs. Mr. Spicer is challenging the district court's denial of alias relief on his claim that he received ineffective assistance of counsel at the guilt phase of his capital murder trial, a claim he first raised in Mississippi State Court more than a decade ago. There are two issues that I will address today. The first is whether this court may review Mr. Spicer's claim and what evidence they may consider in doing so. While there are a number of different paths that the court can take in analyzing this procedural question, whether by starting with an analysis of the evidence included in Mr. Spicer's initial statement. Hold on just a minute. I'm having, I'm not getting enough sound. How do I fix that? Shirley? Okay, I'm going to let Daniel jump in to answer you. Daniel? Yeah. Okay, yeah, let me check that your sound is maxed out. I'm hearing you well, just not hearing Ms. Berman well. All right, go ahead and let's see how we're doing. All right. So there are a number of different paths that the court can take in analyzing whether the court can review Mr. Spicer's claim or what evidence it may consider in doing so. Whether by starting with an analysis of the evidence included in Mr. Spicer's initial state court petition or by looking to the corroborating evidence presented in the second state court petition, all roads ultimately lead to de novo review based on all of the evidence and take this right. The second issue I will address today is the outcome of that review on the merits. The evidence in the record clearly shows that trial counsel abdicated their duties to conduct any sort of a factual investigation and they went to trial in an uninvestigated period of self-defense without ascertaining whether Mr. Spicer would take the stand to testify in support of that theory and after admitting that they did not believe that he was competent to do so. These interconnected failures rendered- I'm going to have to admit I'm not getting. I don't seem to be getting whole words. Just are you okay now, Judge Kane? Well, this is not- Well, we do have an option where she can use her cell phone to call in. I'm checking with people in automation to see if that would be a better option. Daniel, do you think that would be better? Yeah, we could try that. Let's see. Or another suggestion? Let's see. Ms. Berman, are you on a computer or just a video conference equipment? Video conference equipment, but I do have a cell phone. We also have a technical assistant here if need be, but- Okay. He's dialing on the cell phone, if that is easier. Okay. From a VTC, I'm not quite sure, but there is a way to switch to your phone audio. Okay. Let's see. I had the invite pulled up. If you have your phone, you'd want to go ahead and mute the VTC so we don't get feedback. All right. Or if you see an option to change your audio source from computer audio to phone, we could do that. 65254, cell phone, 5252, and then we need- Sorry, dialed down. For government. Enter your meeting ID, followed by pound. Enter your participant ID, followed by pound. Otherwise, just press pound to continue. You are in the meeting now. There are 13 participants in the meeting. This meeting is being recorded. All right. Can you hear me better now? Oh, yeah. That is better. And no feedback on your end? No. Perfect. Okay. We'll start the clock over. All right. Should I begin again, Your Honors? Yeah. Yes. You may begin. Good afternoon, Your Honors, counsel, and may it please the court. My name is Jennifer Berman, and I represent the appellant, Fred Spicer, Jr. Mr. Spicer is challenging the district court's denial of habeas relief on his claim that he received ineffective assistance of counsel at the guilt phase of his capital murder trial, a claim he first raised in Mississippi State Court more than a decade ago. There are two issues that I will address today. The first is whether this court may review Mr. Spicer's claim and what evidence it may consider in doing so. While there are a number of different paths that the court can take in analyzing this procedural question, whether by starting with an analysis of the evidence included in Mr. Spicer's initial state court petition or by looking to the corroborating evidence presented in his second state court petition, all roads ultimately lead to de novo review based on all of the evidence in the habeas record. The second issue I will address is the outcome of that review on the merits. The evidence in the record clearly shows that trial counsel abdicated their duties to conduct any sort of a factual investigation and went into trial on an uninvestigated theory of self-defense without ascertaining whether Mr. Spicer would take the stand to testify in support of that theory and after admitting that they did not believe that he was competent to do so. These interconnected failures rendered trial counsel's performance deficient under Strickland's first fraud. And as a direct result of these deficiencies, counsel failed to discover and present readily available evidence that, among other things, would have left the state without a murder weapon, would have highlighted the significance of a third party's blood on the purported murder weapon, and would have undermined the significance of DNA evidence linking Mr. Spicer to the homicide. Had this evidence been presented, it is likely to have raised a reasonable doubt in at least one juror's mind. Strickland's prejudice prong, therefore, is satisfied as well. Now, when Mr. Spicer first sought post-conviction relief in 2006, he alleged that trial counsel rendered ineffective assistance at both the guilt phase and the sentencing phase of his trial, and he sought an evidentiary hearing on both claims to the extent that one was necessary. The state court denied an evidentiary hearing on the guilt phase claim and rejected that claim on the merits, finding that trial counsel's performance was not deficient under the first prong of Strickland without reaching the second prong. The court, however, ordered an evidentiary hearing on the sentencing phase claim and ultimately found that trial counsel's failure to conduct any sort of an investigation rendered their performance at the sentencing phase deficient. Now, throughout these federal habeas proceedings, the state has raised a number of procedural arguments relating to the reviewability of certain testimony offered by trial counsel during the sentencing phase evidentiary hearing, which corroborated what the other evidence presented in support of Mr. Spicer's guilt phase claim had already showed, that trial counsel did not do any of the things that reasonable counsel preparing for a capital murder trial that hinged on forensic evidence would have done. The state argues that this new evidence, testimony that is part of the state court record for this very case, is barred from federal review because it was not presented in Mr. Spicer's initial state court petition, and it argues that Mr. Spicer's ineffectiveness claim, to the extent that it relies on this new evidence, therefore is barred as well. Before addressing these procedural arguments, I want to take this opportunity to remind the court that regardless of whether it believes it can consider this new evidence, it unquestionably can and indeed must consider the evidence that was presented in Mr. Spicer's initial state court petition. Even if the court were to ignore the new evidence, Mr. Spicer still would have a live claim that is subject to federal habeas review. That claim is no different in substance than the one that this court is being asked to provide ample evidentiary support for that claim. He presented the transcript of the hearing on trial counsel's motion for a mental evaluation, during which counsel admitted that they had not been able to meaningfully consult with Mr. Spicer and believed that he was incompetent to aid in his defense. He presented the trial transcript, which showed that despite being unable to meaningfully consult with Mr. Spicer and despite believing him to be incompetent, trial counsel went into trial on a self-defense theory without even ascertaining whether Mr. Spicer would testify. He presented the time records of his lead counsel, Mr. Hurt, which showed that Mr. Hurt spent the vast majority of his time attempting to build up the incompetency defense, and after that failed, spent only a few hours preparing for an actual trial, only 45 minutes of which were spent conferring with Mr. Spicer. These time records also showed what Mr. Hurt did not do. He did not interview any of the state's witnesses or review their police interviews before trial. He did not conduct any factual investigation or legal research, and he did not consult with any forensic experts, despite the case hinging heavily on forensic evidence. Mr. Spicer's initial petition also presented affidavits from witnesses who testified that who stated that they never had any interview notes, work products, or any other non-public investigative materials related to Mr. Spicer's case. And finally, that initial petition presented an affidavit from a forensic expert, Dr. O.C. Smith, who concluded that the forensic evidence actually exculpated Mr. Spicer. All of this evidence was before the state court when it ruled on the merits of Mr. Spicer's initial post-conviction petition. So all of this evidence unquestionably is subject to this court's review. Even considering just the evidence presented in Mr. Spicer's initial post-conviction petition, this court has a sufficient basis to determine that the state court's denial of Mr. Spicer's ineffectiveness claim under Strickland's performance prong was contrary to or involved in unreasonable application of federal law. Once the court makes that threshold determination, it is required to review both prongs of Mr. Spicer's Strickland claim de novo. And as this court recognized in Smith v. Kane, when conducting that de novo review, the court can consider all of the evidence on the habeas record, including any new evidence that was presented for the first time in federal habeas proceedings. So even if this court were to start by looking only at Mr. Spicer's claim as it was presented in his initial state court petition, it eventually would get to a point where it would be required to consider the new evidence that state claims is foreclosed from review. The same result is reached if the court begins by looking at the ineffectiveness claim as presented in Mr. Spicer's second state post-conviction petition, which included the new testimony at issue here. Now, when the district court first considered Mr. Spicer's habeas petition in 2016, it ineffectiveness claim in a significantly stronger petition position. Recognizing that the new evidence was adduced in the context of a state court proceeding, the district court directed Mr. Spicer to file a second post-conviction petition in state court so that the state court could consider his ineffectiveness claim in light of that evidence. In his second petition, Mr. Spicer asserted that his claim should be accepted from any applicable procedural bars because his claim involved a violation of his fundamental right to effective assistance of counsel under the Sixth Amendment, which qualified under the state's fundamental rights exception to the procedural bars. The state court rejected that assertion and denied Mr. Spicer's claim as procedurally barred, specifically noting that the claim did not fit within any of the exceptions to the procedural bars. As demonstrated in our brief, that ruling was an implicit ruling on the merits that was not independent of federal law. Because Mississippi courts have made clear that courts must examine ineffectiveness claims under the federal Strickland standard before determining whether they qualify as an exception to the procedural bar, and that courts must apply the exception if the claim is potentially meritorious. So assuming the Mississippi Supreme Court applied its own law correctly when considering Mr. Spicer's second post-conviction petition, it had to have engaged in at least a threshold analysis of the merits of Mr. Spicer's constitutional claim. The state court's denial of that claim, as perfunctory as it was, must mean that it concluded that Mr. Spicer's claim did not satisfy the Strickland standard. That ruling constitutes a ruling on the merits that a federal habeas court has power to review under Section 2254D by determining whether the ruling was contrary to or involved in unreasonable application of federal law. The facts here satisfy that 2254D standard. Any rejection of Mr. Spicer's ineffectiveness claim based on the evidence presented was contrary to or involved in unreasonable application of Strickland. It is well established that counsel, at a minimum, has an obligation to consult with their client on important decisions such as whether to take the stand and what type of defense to mount. They have an obligation to conduct a reasonable investigation into the law and facts of the case or to make a reasonable strategy decision, again, based on some sort of investigation or other reasonable basis, a strategy decision that would make particular investigations unnecessary. And as this court recognized in drawn, one of the cases cited in our brief, where the state's case relies on a theory that is purportedly supported by forensic evidence, counsel has an obligation to investigate that forensic evidence to determine whether it really shows what the state says it shows. Trial counsel did not do any of this, and neither trial counsel nor the state has provided any explanation for their failures in this regard. Strickland's performance prong clearly is satisfied. Any state court ruling that it was not was contrary to or involved in unreasonable application of Strickland. Strickland's prejudice prong is also satisfied. Now, when their planned incompetency defense failed, trial counsel made a last minute decision to go into trial on a self-defense theory, which they had not investigated, had no evidence to support, and ultimately had to abandon mid-trial when they ascertained that Mr. Spicer wished to assert his constitutional right not to testify, leaving Mr. Spicer with no defense at trial whatsoever. This was despite the fact that trial counsel had never meaningfully consulted with Mr. Spicer and did not even know whether he would testify going into trial and believed him to be incompetent to do so in any event. Now, this was compounded by counsel's failure to investigate the state's case and the forensic evidence purportedly supporting it as part of an alternative defense theory. As a result of these failures, the state was able to put forward an unchallenged factual theory of the case that had the appearance of being supported by expert analysis of the forensic evidence. But had counsel conducted a reasonable investigation, they would have learned that there was good reason to question the state's case and that there were substantial defense arguments that could have been made based on the forensic evidence. Now, Mr. Spicer, in these proceedings, has presented affidavits from two qualified experts who analyzed the forensic evidence and concluded, first, that the fact that there were only small traces of blood on Mr. Spicer's clothing did not support the state's theory that Mr. Spicer killed the victim using blunt force from the victim's sword. Second, that the surface characteristics of the sword and the victim's wounds showed that the sword could not have been the murder weapon, contrary to the state's contention. And third, that if the sword had been involved in the murder, the fact that there was a third party's blood and not Mr. Spicer's on the sword would, in fact, suggest that someone else had killed the victim. Indeed, counsel's uninvestigated self-defense theory actually negated any defense arguments that could have been made regarding the exculpatory nature of that forensic evidence because it suggested to the jury that it was, in fact, Mr. Spicer who killed the victim, but that he did so in self-defense. In short, had counsel lived up to even a minimum standard of professional reasonableness and performed any sort of an investigation, the jury would have seen and heard evidence that would have provided reason to doubt the state's theory and therefore vote to acquit. In fact, since Mississippi requires a unanimous vote to convict, all counsel needed to do was create sufficient reasonable doubt for a single juror to vote to acquit. As a result of trial counsel's failures, any reasonable doubt that jurors otherwise would have found was effectively extinguished. Strickland's prejudice prong under these circumstances is satisfied. Any ruling implying that it was not was contrary to or involved in unreasonable application of clearly established law. If your honors have no further questions, I will reserve the rest of my time for rebuttal. Thank you. Thank you. If there are no questions, you may proceed. Mr. Smith. Thank you, your honor. May it please the court. My name is Brad Smith and I represent Burl Kane, the commissioner of the Mississippi Department of Corrections in this appeal. This is a case about a 2254 petitioner's procedurally defaulted and meritless guilt phase ineffective assistance claim. The court should find petitioner Fred Spicer is not entitled to relief for two reasons. First, because Spicer failed to properly exhaust his claim, federal review is precluded by two adequate and independent state procedural rules. And second, because Spicer failed to show Strickland prejudice, the lower court did not err when it denied his claim on the merits. So the first reason, this is a jurisdictional reason, two adequate and independent state law rules bar federal review of Mr. Spicer's Strickland claim because he did not present his claim to the Mississippi Supreme Court in a procedurally proper manner. He presented his claim in a second and untimely PCR application. And as a result, the Mississippi Supreme Court denied his second PCR application and expressly relied on two statutory bars as the reasons for doing so. The bars at issue here being the time bar at Mississippi Code Annotated Section 9939-5-2 and the successive writ bar. What standard are you measuring this case by at this point? Uh, Your Honor, I'm asserting at the moment that Mr. Spicer failed to properly exhaust his claim in state court because he failed to fairly present it to the Mississippi Supreme Court. And so the Mississippi Supreme Court, when it reviewed his claim, ultimately held that it was procedurally barred under state law. So he contends, though, that this was, that this did not, this was contrary to fundamental law or something. Uh, yes, Your Honor. Mr. Spicer is asserting that the Mississippi Supreme Court, when making its decision to because Mr. Spicer argued that the Mississippi Supreme Court's fundamental rights exception applied to his claim and allowed the Mississippi Supreme Court to review the merits of it. But the Mississippi Supreme Court did not reach the merits of Mr. Spicer's claim, and it didn't have to do so to determine whether or not it could review his claim on the merits. A fundamental rights exception under state precedent essentially involves claims that involve four types of fundamental rights, and those being the right to ex post facto application of law, illegal sentence, double jeopardy, and due process of sentencing. The Mississippi Supreme Court has never held that the right to effective assistance of counsel is a fundamental constitutional right that must be reviewed by the Mississippi Supreme under its fundamental rights exception. In fact, the Mississippi Supreme Court has for nearly three decades consistently applied those bars to ineffective assistance claims in cases similar to this one and where the death penalty has been imposed. So with respect to Your Honor's question, the commissioner's response is the Mississippi claim in order to determine that Mr. Spicer's ineffective assistance claim could not be reviewed under the fundamental rights exception to the state PCR acts procedural bars. Aside from that, going back to what I was arguing earlier, the jurisdictional point, because the time bar at Mississippi Code annotated section 9939-5-2 and the successive writ bar at Mississippi Code annotated 9939-27-9 were applied by the Mississippi Supreme Court as the reasons for denying Mr. Spicer's claim, this court and the district court did not have jurisdiction to review the merits of the claim. Both of those bars, according to this court's precedent, are adequate and independent state procedural law grounds that will preclude federal habeas review when they're expressly relied on by a state court. And that's exactly the case here. The Mississippi Supreme Court held that Mr. Spicer's Strickland claim was presented in untimely PCR petition that was second in order to his first. So, neither one of those bars are dependent on federal law or interwoven with federal law. Both bars are adequate for supporting the state court's decision, again, because the those bars to claims just like the one in this case. And, your honors, Mr. Spicer has not shown that the statutory bars are interwoven with federal law. Going to your honor's earlier question about the commissioner's position, again, the state didn't have to reach the merits to determine this was not a fundamental rights exception claim. And aside from that, Mr. Spicer has not shown, and it is his burden to show, that the Mississippi Supreme Court doesn't regularly apply these bars to claims just like his. At best, he's pointed to a handful of cases where a state appellate court didn't apply a statutory bar to a claim in a PCR petition. But, acts of grace and de minimi instances of suspension of the bars are insufficient to show inadequacy for purposes of the adequate and independent state procedural law of ground doctrine. But even if the Mississippi Supreme Court had reached the merits of Mr. Spicer's claim in an alternative holding, that holding would not vitiate the effect of those bars. Those bars still remain in place. And Mr. Spicer has not shown that federal review may be had under another exception to the procedural default rule. That is, he's not shown cause for his default. Because he hasn't shown cause for his default, he hasn't shown prejudice. And Mr. Spicer has not shown review is necessary to prevent a fundamental miscarriage of justice by asserting a colorable claim of actual innocence. So, it's the commissioner's position that review is precluded by two adequate and independent state law of ground doctrine. I'm sorry, two state law grounds. But even if the court finds that no bars apply and it may review his claim on the merits, Mr. Spicer's claim still does not warrant relief. When the court granted the COA, it asked the parties to address issues with AEDPA deference in the scope of the AEDPA record. AEDPA deference does not apply to the Mississippi Supreme Court's decision to deny Mr. Spicer's claim because it didn't reach and did not adjudicate the merits of his claim. That said, section 2254E2's restrictions do apply. In fact, the president holds those restrictions apply in cases just like this one, where a petitioner is seeking relief based on new evidence without an evidentiary hearing. Mr. Spicer's new evidence does not meet those section's restrictions. Not only was it capable of being presented with his initial PCR application, with the exercise of reasonable diligence, it fails to clearly and convincingly show no reasonable juror would have found Mr. Spicer guilty. So, although AEDPA deference doesn't apply, the appropriate scope of the record is limited to the record that was before the Mississippi Supreme Court and Mr. Spicer's PCR procedures. But even if the court disagrees there, Mr. Spicer's claim still does not warrant relief because the district court reviewed his claim and all of his evidence and found it failed to establish ineffective assistance. The district court didn't address the exhaustion issues. It went ahead and reached Mr. Spicer's claim on the merits, reviewed it de novo, and denied relief. And it did so as permitted by section 2254b2. When it did so, it correctly applied Strickland standard, it assumed efficient performance, and it found that Mr. Spicer had not shown resulting prejudice, given the evidence of guilt presented at trial. That evidence showed that Mr. Spicer lived at the murder scene and was placed at the scene with a bear the day before his body was found. It showed that Mr. Spicer was upset with a bear the night his body was discovered, and that Mr. A bear's truck was not at his home on the day his body was found. It also showed that Mr. Spicer was pulled over by a deputy while driving Mr. A bear's truck on the day his body was found, that he attempted to evade the officer by running away and throwing the keys to the truck away. Counsel, none of that is inconsistent with the fact that Spicer lived with the victim for a period of time, didn't he? And he quite often used his truck? Yes, your honor, that's correct. But that really doesn't doesn't prove anything that he was in Spicer's truck, does it? No. Well, Mr. Spicer was actually pulled over by a sheriff's deputy while driving his truck on the morning that the body was discovered, and he attempted to evade the deputy by running away. He took the keys, threw the keys into some grass. So, yes, your honor, I think it is relevant because it tends to show that Mr. Spicer was in the truck, and I might mention the truck where the sword that was missing from Mr. A bear's trailer was actually located. Ultimately, that sword was tested for DNA, and it was found that Mr. A bear's DNA was on that sword blade, as well as an unidentified person. And, again, that sword did belong to Mr. A bear, and it was missing from his trailer. Again, found inside the truck that Mr. Spicer was driving and was owned by Mr. A bear. The state's evidence also showed through opinion testimony of an expert pathologist that Mr. A bear's federal injuries were consistent with blunt force trauma, and that they could have been caused by the sword. That goes for the other injuries that Mr. A bear sustained, which the pathologist was of the opinion appeared to be defensive wounds. And going back to the DNA test results, the jury heard that Mr. A bear's blood was on the sword, and it was on Mr. Spicer's clothing. So, based on the light of all this evidence, the lower court found Mr. Spicer claiming that trial counsel should have presented what amounted to a new defense theory that an unidentified person actually committed the murder, rather than Mr. Spicer, and that he was not demonstrating actual prejudice as a result of what counsel did or did not do during the guilt phase. It also noted that his new theory of the defense was significantly based on speculation and assumption about the murder weapon and this unidentified individual. It pointed out that the sword being the murder weapon was not the linchpin of the state's case. It also pointed out that the jury heard testimony about the unidentified individual's DNA being on the sword. So, based on what the evidence of guilt showed in conjunction with Mr. Spicer's expert testimony concerning the murder weapon and the DNA evidence, the trial court could not that there was a reasonable probability of a different outcome at trial, and because he didn't establish strictly prejudice, the lower court did not err when it denied his claim. Your honors, in conclusion, two state procedural rules which this court has held are adequate and independent state law grounds are federal review. Mr. Spicer has not shown bars are inadequate or that they depend on federal law or interwoven with federal law. He's failed to show cause and prejudice for his default or any other exception to the default rule. Again, review is barred. Alternatively, Mr. Spicer's new evidence does not meet section 2254 stringent requirements and cannot be considered. The scope of the AEDPA record is limited to what was before the Mississippi Supreme Court during Mr. Spicer's initial post-conviction proceedings, and that information does not warrant federal habeas relief. Finally, the lower court did not err by denying Mr. Spicer's petition for his failure to establish strictly prejudice. Your honors, if there are no further questions, the commissioner respectfully requests that the court affirm the decision below and deny Mr. Spicer's request for relief. Thank you. Thank you, sir. Yes, sir. Yes, your honor. There are a few points that counsel raised that I'd like to address in my rebuttal. The first being this argument that the state Supreme Court's denial of Mr. Spicer's second post-conviction petition relied on an independent and adequate state law ground. And in reviewing that argument, I would encourage the court to look at the state law cases that were cited in both parties' briefs, because looking at those cases makes clear that when Mississippi courts are determining whether to procedurally bar a claim to which procedural bars otherwise would apply, they conduct a merits analysis of the constitutional claims before determining whether the fundamental rights exception applies. And that is true specifically in ineffective assistance of counsel cases. The Mississippi state courts analyze the Strickland question and then determine whether the fundamental rights exception applies. Now, the fact that they have found that the procedural bars apply in cases where the Strickland analysis has led to a conclusion that Strickland is not satisfied does not render the ruling on that claim not independent. The second argument I'd like to address is counsel's argument under 2254E2. And plainly put, Section 2254E2 and the rule that was established in Pinholster directing the court's attention to the state's brief, those rules are simply inapplicable because those rules only apply when the petitioner is asking the federal court to consider evidence that was never presented to the state court. The new evidence at issue here was before the state court when it ruled on Mr. Spicer's second post-conviction petition. So those rules simply aren't applicable to that question. And the third thing that I'd like to point out is that counsel himself has admitted that the evidence against Mr. Spicer at trial was largely circumstantial. And he's argued that there was no prejudice based on that circumstantial evidence. Now, we might agree that some of the circumstantial evidence may have appeared to have been backed against Mr. Spicer. But that's precisely why it was so important to offer a competing expert's analysis of the forensic evidence. The state's circumstantial evidence. And that extinguished all remaining reasonable doubt that the jurors could have found. Here, counsel has admitted that the sword that was found in the truck that Mr. Spicer was driving had a third party's blood on it. The sword that was the purported murder weapon in this case. And he's also admitted that the sword was the major link between Mr. Spicer and the homicide. But as the expert affidavits that have been presented in this case have shown, there was reason to doubt that conclusion that Mr. Spicer was connected to the homicide. The experts opined that the sword was not the murder weapon. And they opined that the significance of the third party's blood showed that if the sword were the murder weapon, Mr. Spicer, there was reason to doubt that Mr. Spicer had completed the murder. And so, in short, yes, all of the circumstantial evidence here, or at least some of it, was against Mr. Spicer. But the forensic evidence that counsel failed to analyze and failed to even try to understand is what would have given the jurors reasonable doubt and would have given them reason to acquit. Prejudice, therefore, is satisfied. For these reasons and for those discussed in our brief, we request that the court reverse the district court's decision and enter judgment in Mr. Spicer's favor, or alternatively, that they vacate the judgment and remand for further proceeding. Thank you. Thank you, Ms. Merriman. Recording stopped. This case will be submitted and we will journey on to the next case today. If you're ready, panel.